**FILED**
**Feb 04, 2022**
**02:12 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT CHATTANOOGA

| | | |
|---|---|---|
| Meagan Mueller-Rice,<br>Employee, | ) | Docket No.: 2017-01-0750 |
| v. | ) | State File No.: 82287-2017 |
| MEDATAG, Inc. d/b/a Poblanos<br>Mexican Cuisine,<br>Uninsured Employer. | )<br>)<br>)<br>) | Judge Audrey Headrick |

## COMPENSATION ORDER

The Court held a Compensation Hearing on Ms. Mueller-Rice's claim to determine whether she is entitled to medical, temporary disability, and permanent disability benefits. The employer, Poblanos, did not attend the hearing. After considering the proof, the Court holds Ms. Mueller-Rice is entitled to medical and temporary disability benefits but not permanent disability benefits.

### History of Claim

Ms. Mueller-Rice, a Tennessee resident, injured her left knee on September 30, 2017, when she tripped over a dog leash while serving customers.[1] She reported her injury to Sabrina Holbrook, the manager on duty. Because her leg was bleeding and swelling, Ms. Mueller-Rice left work to seek emergency treatment. The provider took her off work for four days, gave her a leg immobilizer and crutches, and referred her to Dr. Thomas Brown, III, an orthopedic surgeon.

Before seeing Dr. Brown, Ms. Mueller-Rice texted Ms. Holbrook and asked her to file a claim and provide the carrier's contact information. Instead, Ms. Holbrook referred Ms. Mueller-Rice to Irma Hyde, a Poblanos shareholder. Ms. Hyde failed to provide the requested information and advised that Ms. Mueller-Rice did not work enough hours to qualify for workers' compensation benefits. After that exchange, Ms. Mueller-Rice returned to the emergency room on October 9 and was taken off work until seen by an orthopedist.

---

[1] Poblanos, a restaurant, allowed dogs on the premises.

1

Ms. Mueller-Rice saw Dr. Brown for left-knee pain on November 29, 2017. He ordered x-rays, an MRI, and physical therapy. Dr. Brown released Ms. Mueller-Rice in February 2018 to follow up as needed. Later, Dr. Brown prepared a C-32 Medical Report.[2] He noted he did not take Ms. Mueller-Rice off work for the injury or assign any restrictions. Further, Dr. Brown placed her at maximum medical improvement in March 2018 and assigned no permanent impairment.

Before seeing an orthopedist, Ms. Mueller-Rice filed a Petition for Benefit Determination, and a Bureau compliance specialist investigated the case. Poblanos admitted to the investigator that it was uninsured when Ms. Mueller-Rice became injured and did not dispute her injury was related to her work.[3]

During the hearing, Ms. Mueller-Rice presented medical bills, which she said were incurred for her injury. Those providers and amounts owed are:

- Dr. Brown, $525.00;
- Benchmark PT, $0 ($280.00 paid by Ms. Mueller-Rice);
- Chattanooga Outpatient Center, $580.00 ($558 paid by Ms. Mueller-Rice);
- CHI Memorial, $1,053.86 for September 30, 2017 date of service;
- CHI Memorial, $258.06 for October 9, 2017 date of service;
- Chattanooga Emergency Med, PLLC, $329.00 for September 30, 2017 date of service;
- Chattanooga Emergency Med, PLLC, $329.00 for October 9, 2017 date of service; and
- Diagnostic Imaging Consultants, $31.00.

These charges include emergency room care, diagnostic images, physical therapy, and office visits. Except for paying $758.00 in medical expenses, Poblanos did not provide Ms. Mueller-Rice any workers' compensation benefits.

## Findings of Fact and Conclusions of Law

At a Compensation Hearing, Ms. Mueller-Rice must prove by a preponderance of the evidence that she is entitled to benefits. Tenn. Code Ann. § 50-6-239(c)(6) (2021).

---

[2] The Dispute Certification Notice reflects compensability was undisputed. The Court notes that Form C-32 asked whether "the employment activity, more likely than not, [was] primarily responsible for the injury or primarily responsible for the need for treatment." Dr. Brown marked "yes."

[3] The investigative report states counsel previously represented Ms. Mueller-Rice and Poblanos. However, no attorney for either party either filed a notice of appearance or filed a signed document with the Clerk.

*Medical Benefits*

Poblanos did not offer any medical treatment as required by Tennessee Code Annotated section 50-6-204(a)(1)(A), so Ms. Mueller-Rice sought treatment on her own. Whether an employee is justified in seeking payment for unauthorized medical expenses from an employer depends upon the circumstances of each case. *Buchanan v. Mission Ins. Co.*, 713 S.W.2d 654, 656 (Tenn. 1986). By failing to give Ms. Mueller-Rice a panel, Poblanos risked losing control of the course of her medical treatment and being required to pay for treatment it never authorized. *See Berdnik v. Fairfield Glade Cmty. Club*, 2017 TN Wrk. Comp. App. Bd. LEXIS 32, at *17 (May 18, 2017).

The Court holds that Ms. Mueller-Rice was justified in seeking emergency and follow-up treatment for her injury. She sought emergency treatment due to left-knee bleeding and swelling and was discharged with a leg immobilizer and crutches. The Court also holds the emergency and orthopedic treatment, diagnostic tests, and crutches and immobilizer were reasonable and necessary for treatment of Ms. Mueller-Rice's injury.

Ms. Mueller-Rice testified that the medical expenses were incurred for treatment of her work injury. Based on the undisputed evidence, the Court holds Poblanos liable for the bills associated with the treatment that Ms. Mueller-Rice received for the work injury. The Court holds that Poblanos must reimburse Ms. Mueller-Rice $838.00 for services received from the providers identified in the medical bills, which she proved by uncontroverted evidence. The Court also holds that Poblanos must pay the outstanding balances to those providers in the amount of $3,105.92. *See Russell v. Genesco, Inc.*, 651 S.W.2d 206, 211 (Tenn. 1983). Further, Dr. Brown is designated as Ms. Mueller-Rice's authorized physician for future medical care.

*Temporary Disability Benefits*

To receive temporary total disability benefits, Ms. Mueller-Rice must show: (1) a disability from working as the result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *Shepherd v. Haren Const. Co., Inc.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 15, at *13 (Mar. 30, 2016).

Ms. Mueller-Rice asserted entitlement to temporary total disability benefits. The medical records state that the emergency provider initially took Ms. Mueller-Rice off work on September 30, 2017, for four days and again on October 9, 2017, until she saw Dr. Brown. Based on this evidence, the Court holds that Ms. Mueller-Rice has proven entitlement to temporary total disability benefits from September 30 through October 4, 2017, and from October 9 through November 29, 2017.

3

Thus, the Court holds that Poblanos must pay Ms. Mueller-Rice temporary total disability benefits at the undisputed weekly compensation rate of $200.00 for eight weeks, or $1,600.00 in benefits.

*Permanent Partial Disability Benefits*

Ms. Mueller-Rice also claimed entitlement to permanent partial disability benefits under Tennessee Code Annotated section 50-6-207(3)(A). To receive these benefits, Ms. Mueller-Rice must prove she has a permanent impairment. Dr. Brown did not assign a permanent impairment, so she is not entitled to these benefits.

*Uninsured Employers Fund*

Finally, although this Court holds Poblanos must provide Ms. Mueller-Rice with benefits, Poblanos did not have workers' compensation insurance at the time of the accident. Therefore, the Court considers whether Ms. Mueller-Rice is eligible to apply for benefits from the Bureau's Uninsured Employers Fund. Under Tennessee Code Annotated section 50-6-802(a), the Bureau has *discretion* to pay limited benefits to Ms. Mueller-Rice if she proves the following:

1) She worked for an employer who did not have workers' compensation insurance;
2) She suffered an injury arising primarily in the course and scope of employment on or after July 1, 2015;
3) She was a Tennessee resident on the date she was injured;
4) She provided notice to the Bureau of the injury and of the failure of the employer to secure payment of compensation within a reasonable period, but no longer than 180 days after the date of her injury.

Tenn. Code Ann. § 50-6-801(d).

The Court finds that Ms. Mueller-Rice worked for an employer that did not have workers' compensation insurance, and she proved by a preponderance of the evidence that she suffered an injury on September 30, 2017, arising primarily from her employment with an uninsured employer. She was a Tennessee resident on the date she was injured, and she notified the Bureau of her injury and Poblanos's lack of insurance within 180 days. Therefore, Ms. Mueller-Rice satisfied all the requirements of section 50-6-801(d). **She must complete the enclosed form within sixty days of the date of this Order for consideration of a *discretionary payment* through the Uninsured Employers Fund.** *See* Tenn. Code Ann. § 50-6-801(a).

Also, the Court refers this case to the Compliance Program for consideration of possible penalty assessments. The referral is for Poblanos's (1) failure to have workers' compensation coverage; (2) bad-faith denial of the claim; (3) failure to file a First Report of Work Injury, a Notice of Controversy, or a Notice of Denial of Claim; (4) failure to

4

timely provide medical treatment; (5) failure to timely provide a panel of physicians; and (6) any other applicable penalties. *See* Tenn. Code Ann. § 50-6-118.

**IT IS, THEREFORE, ORDERED** as follows:

1. Poblanos shall pay medical bills in the amount of $3,105.92 that Ms. Mueller-Rice incurred for treatment of her September 30, 2017 work injury. Those providers are as follows: 1) Memorial Hospital ($1,311.92); 2) Chattanooga Emergency Med, PLLC ($658.00); 3) Diagnostic Imaging Consultants ($31.00); 4) Thomas W. Brown, III, M.D. ($525.00); and 5) Chattanooga Outpatient Center ($580.00). Poblanos shall also reimburse Ms. Mueller-Rice in the amount of $838.00 for payments she made to those providers.

   Poblanos shall continue to provide reasonable and necessary treatment for the injury under Tennessee Code Annotated section 50-6-204(a)(1)(A). Dr. Brown is designated the authorized treating physician.

2. Poblanos shall pay Ms. Mueller-Rice $1,600.00 in temporary total disability benefits, to be paid in a lump sum.

3. Ms. Mueller-Rice's claim for permanent disability benefits is denied.

4. Ms. Mueller-Rice is eligible to request benefits from the Uninsured Employers Fund at the *Administrator's discretion*. To do so, she must complete and file the attached form within sixty days of the date of this Order.

5. This Compensation Order constitutes a final adjudication upon the merits of Ms. Mueller-Rice's claim for benefits.

6. The Court refers this case to the Compliance Program for consideration of the imposition of penalties.

7. Poblanos shall pay the $150.00 filing fee to the Clerk within five business days after this order becomes final under Tennessee Compilation Rules and Regulations 0800-02-21-.06 (August, 2019).

8. Poblanos shall file form SD-2 with the Clerk within ten business days of this order becoming final.

9. Unless appealed, this order shall become final in thirty days.

5

IT IS ORDERED.

ENTERED February 4, 2022.


_Audrey Headrick_
**AUDREY A. HEADRICK**
**Workers' Compensation Judge**

6

# APPENDIX

Exhibits:
1. CHI Memorial medical records
2. Medical records of Dr. Brown
3. Form C-32 Standard Form Medical Report for Industrial Injuries
4. Billing statements
5. Expedited Request for Investigation Report
6. Secretary of State Filing Information
7. Text messages

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Expedited Hearing Order
5. Amended Expedited Hearing Order
6. Scheduling Order
7. Motion for Continuance
8. Order Granting Motion for Continuance
9. Motion for Continuance
10. Order Granting Second Motion for Continuance
11. Show Cause Order
12. Order on Show Cause Hearing and Setting Compensation Hearing
13. Pre-Compensation Hearing Statement

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on February 4, 2022.

| Name | U.S. Mail | Email | Service sent to: |
|---|---|---|---|
| Meagan Mueller-Rice, Employee | X | X | Meaganmueller@gmail.com<br>809 Central Avenue<br>Chattanooga, TN 37403 |
| Poblanos, Uninsured Employer | X | X | i.hyde@hotmail.com<br>Poblanos Mexican Cuisine<br>**Attn: Irma Hyde**<br>93 Champagne Circle<br>Ringgold, GA 30736 |
| LaShawn Pender, UEF Program | | X | lashawn.pender@tn.gov |
| Amanda Terry, Compliance Program | | X | WCCompliance.program@tn.gov<br>Amanda.terry@tn.gov |

**PENNY SHRUM, COURT CLERK**  w/permission
wc.courtclerk@tn.gov

8



Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work
wc.ombudsman@tn.gov
1-800-332-2667

## REQUEST FOR BENEFITS FROM THE UNINSURED EMPLOYERS FUND

Eligible employees may use this form to request benefits from the Uninsured Employers Fund (UEF) if they are injured while working for an employer that failed to provide:

1. Workers' compensation insurance as required by the TN Workers' Compensation Law; and,
2. Medical and/or disability benefits as required by the TN Workers' Compensation Law.

This form **MUST be completed and sent via certified mail** to the following address:

Tennessee Bureau of Workers' Compensation
ATTN: UEF Benefit Manager
Uninsured Employers Fund
220 French Landing Drive, Suite 1B
Nashville, TN 37243-1002.

This form MUST be sent within sixty (60) calendar days after the claim is over and MUST include:

1. A court order stating your employer owes you benefits and that you may request UEF benefits;
2. A completed Internal Revenue Service (IRS) Form, W-9 Request for Taxpayer Information and Certification available at www.irs.gov; and
3. A completed Bureau of Workers' Compensation Form C31 Medical Waiver and Consent available on the "Forms" link at www.tn.gov/workerscomp.

I certify that I believe I am eligible for benefits from the UEF; that my employer has not paid all or part of the benefits I am due; and my employer has not complied with an order issued by the Court of Workers' Compensation Claims.

I, _____, request benefits from the Uninsured Employers Fund.
     (Print Your Name)


_____
Signature                                                    Date


Tennessee Law allows the State of Tennessee to recover payments made by the UEF for temporary disability benefits or medical benefits. An agreement between you and your employer for payment of benefits must be pre-approved by the UEF before being approved by a workers' compensation judge.



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

**Employee** _____

v.

**Employer** _____

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on _____   ☐ Other Order filed on _____

issued by Judge _____

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s) (Requesting Party):** _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name: _____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $_____ per month | beginning | _____ |
| SSI | $_____ per month | beginning | _____ |
| Retirement | $_____ per month | beginning | _____ |
| Disability | $_____ per month | beginning | _____ |
| Unemployment | $_____ per month | beginning | _____ |
| Worker's Comp. | $_____ per month | beginning | _____ |
| Other | $_____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                    RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental $ _____ per month

| | | | | | |
|---|---|---|---|---|---|
| Groceries | $ _____ per month | | Telephone | $ _____ per month |
| Electricity | $ _____ per month | | School Supplies | $ _____ per month |
| Water | $ _____ per month | | Clothing | $ _____ per month |
| Gas | $ _____ per month | | Child Care | $ _____ per month |
| Transportation | $ _____ per month | | Child Support | $ _____ per month |
| Car | $ _____ per month | | | |
| Other | $ _____ per month (describe: _____ ) | | | |

10. Assets:

Automobile    $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House    $ _____     (FMV) _____

Other    $ _____     Describe: _____

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires: _____

LB-1108 (REV 11/15)                  RDA 11082